**Maria Isabel MAGALLON–CARDENAS, Petitioner,**

v.

**Alberto GONZALES, Attorney General, Respondent.**

No. 03–72115.

BIA No. A70–707–441.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 16, 2005.

Decided Oct. 14, 2005.

Raul M. Montes, Esq., Montes & Montes, San Diego, CA, for Petitioner.

Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wernery, Esq., Thankful T. Vanderstar, Theresa M. Healy, U.S. Department of Justice Civil Div./Office of

Immigration Lit., Washington, DC, for Respondent.

Before SILVERMAN and CALLAHAN, Circuit Judges, and DUFFY,* District Judge.

### MEMORANDUM **

Maria Isabel Magallon–Cardenas ("Petitioner"), a native and citizen of Mexico and a lawful permanent resident alien of the United States, petitions for review of the summary affirmance issued by the Board of Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") decision finding her removable for knowingly engaging in alien smuggling in violation of Section 212 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(a)(6)(E)(i). We have jurisdiction under 8 U.S.C. § 1252 and review for substantial evidence. *See Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir.2002) (adverse credibility determinations); *Cortez–Acosta v. INS*, 234 F.3d 476, 481 (9th Cir.2000) (per curiam) (factual findings supporting removability). Because the BIA issued its affirmance without written opinion, we review the underlying decision of the IJ. *See* 8 C.F.R. § 1003.1(a)(7) (2003); *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849 (9th Cir.2003).

Petitioner initially challenges the IJ's finding that she knowingly engaged in alien smuggling. On review, this Court "defers to the [IJ's] factual findings unless the evidence ... present[ed] is so compelling that no reasonable factfinder could fail to find otherwise." *Ubau–Marenco v.*

*INS*, 67 F.3d 750, 754 (9th Cir.1995) (citations and internal quotations omitted). Thus, "[m]ere disagreement with the [IJ's] appraisal of the facts is not a sufficient ground for reversal." *Id.*

At best, Petitioner put forth a story which, if believed, *might* negate the necessary knowledge element of the alien smuggling charge. This is insufficient, however, as reversal is only appropriate if the evidence "compels" a finding contrary to the IJ's. *See Andriasian v. INS*, 180 F.3d 1033, 1040 (9th Cir.1999). Even assuming that reasonable adjudicators might disagree about whether Petitioner's story should be credited, there is no basis for upsetting the IJ's determination which may only be reversed if no reasonable adjudicator could agree with the IJ.

Petitioner's due process challenge is also without merit. In order to show a due process violation, Petitioner must show that she was prejudiced by the alleged violation. *Rodriguez–Lariz v. INS*, 282 F.3d 1218, 1226 (9th Cir.2002). As the plain language of the relevant statute makes clear, Petitioner's participation in alien smuggling as charged in the Notice to Appear renders her statutorily ineligible for the cancellation relief she claims she was denied the opportunity to seek. *See* 8 U.S.C. § 1229b(b); *see also* 8 U.S.C. § 1101(f)(3). Accordingly, Petitioner cannot show the prejudice required to prevail on her due process claim.

PETITION DENIED.

---

* The Honorable Kevin Thomas Duffy, United States District Judge for the Southern District of New York, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.